FILED
CLERK, U.S. DISTRICT COURT

6/17/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MMC_____ DEPUTY

BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1785
     Facsimile: (213) 894-0141
     E-mail:    maxwell.coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:25-CR-00486-ODW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT DAVID ANTHONY RODRIGUEZ |
| v. | |
| DAVID ANTHONY RODRIGUEZ, | |
| Defendant. | |

1.   This constitutes the plea agreement between DAVID ANTHONY RODRIGUEZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of certain acts committed by defendant in furtherance of a conspiracy against rights under color of law.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with conspiracy against rights, in violation of 18 U.S.C. § 241.

b.    Not contest the Factual Basis agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

a.    Not contest the Factual Basis agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to

2

and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSES

4.    Defendant understands that for defendant to be guilty of the crime charged in the information, that is, conspiracy against rights, in violation of Title 18, United States Code, Section 241, the following must be true: (1) there was an agreement between two or more persons to injure, oppress, threaten, or intimidate a person in the free exercise or enjoyment of his or her rights secured by the Constitution and laws of the United States; here, the right to be free from unreasonable searches and seizures and the right to be free from deprivation of property without due process of law by one acting under color of law; (2) defendant knowingly became a member of the conspiracy with the intent to further the conspiracy; and (3) the victim was present in the United States.

PENALTIES AND RESTITUTION

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 241 is: 10 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that he will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may

3

order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges.  The parties have no agreement as to the applicable amount of restitution.  The parties recognize and agree that the restitution amount could change based on facts that come to the attention of the parties prior to sentencing.

7.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or

4

ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

9.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of

guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At all times relevant to this Factual Basis, defendant DAVID ANTHONY RODRIGUEZ ("defendant") was a sworn law enforcement officer employed by the Los Angeles County Sheriff's Department ("LASD"). Defendant was a detective assigned to LASD's Operation Safe Streets Bureau and was a sworn law enforcement officer for 16 years. As a LASD deputy, defendant was subject to an oath of duty and rules of conduct. This oath and these rules prohibited LASD personnel from using their law enforcement status and related equipment for personal use or for non-legitimate law enforcement purposes.

***Defendant Begins Working for Private Security Company***

In or around August 2021, defendant began working for a private security company owned by a colleague, Eric Chase Saavedra ("Saavedra"). The company provided private security services for clients and often employed active LASD deputies and law enforcement officers.

As part of his employment for the private security company, defendant began working as a security guard for Person 1, a wealthy Los Angeles-based individual who had an ongoing dispute with her husband, Victim T.F. Defendant worked for Person 1 at least twice a month and developed a personal relationship with Person 1. Defendant received cash payments in exchange for the shifts he worked as a security guard for Person 1.

***Defendant Secures a Search Warrant Under False Pretenses***

At all times relevant to this Factual Basis, defendant knew and understood that the Constitution and laws of the United States protect the right to be free from unreasonable searches and seizures and the right to be free from deprivation of property without due process of law by one acting under color of law.

During the course of his employment as a private security guard for Person 1, defendant learned of an ongoing dispute between Person 1 and her husband, Victim T.F. Defendant learned that Person 1 was concerned for her safety and believed that Victim T.F. possessed valuable goods that Person 1 said belonged to her. Defendant also learned that Person 1 could not locate Victim T.F. and had engaged in multiple attempts to find him.

Defendant then obtained a warrant under false pretenses in order to find Victim T.F. In or around July 2022, defendant acquired Victim T.F.'s cellphone number. On or around July 16, 2022, defendant applied for a search warrant with the Superior Court of California, County of Los Angeles. The search warrant sought information related to two target telephone numbers, one of which was Victim T.F.'s cellphone number. The search warrant sought, among other things, GPS precision location information associated with the cellphone.

In the sworn affidavit submitted with the search warrant, defendant stated to the court that on July 15, 2022, a detective contacted defendant asking for assistance from the Los Angeles County Sheriff's Gang Surveillance Team. Defendant stated that the detective was investigating a robbery case, which occurred on July 12, 2022, in Cudahy, California. Defendant further stated that the

7

detective was able to positively identify a suspect involved in the robbery case, and that the suspect used two cell phones. Defendant falsely indicated in the affidavit that Victim T.F.'s cellphone number was associated with the robbery suspect. Defendant knew that Victim T.F.'s cellphone number had no relationship to the robbery investigation. Defendant also falsely swore in the affidavit that he believed the search warrant would allow the detective to locate the suspect through GPS coordinates and help the detective arrest the suspect for the charge of assault with a deadly weapon. At the time defendant obtained the search warrant, he knew Saavedra and other deputies working with Saavedra had unlawfully obtained information and used it to threaten, intimidate, or oppress individuals.

***Defendant Tracks Victim T.F. and Shares GPS Location Information***

After serving the search warrant on the telephone provider, defendant obtained GPS location pings associated with Victim T.F.'s cellphone. The GPS pings showed that Victim T.F. was in Utah. Defendant provided this information to Saavedra and told Saavedra that he obtained the GPS pings pursuant to the search warrant. Defendant continued to monitor the GPS pings and tracked Victim T.F.'s location until the search warrant expired.

After sharing the information with Saavedra, defendant learned that at co-conspirators' request, LASD deputies later towed Victim T.F.'s vehicle while Victim T.F. was staying in Los Angeles. After the investigation became public, defendant learned that co-conspirators located Victim T.F.'s vehicle in Utah and placed a tracking device on the vehicle, which they then used to track Victim T.F. to a location in Los Angeles, where they also sent a threatening text message to Victim T.F.

SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. § 2H1.1(a)(2) |
| Defendant was a public official at the time of the offense; offense was committed under color of law: | 6 | U.S.S.G. § 2H1.1(b)(1) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

9

WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

10

appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the Factual Basis provided herein is insufficient to support defendant's pleas of guilty.

WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

17.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 24 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order; (e) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing

11

Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the Factual Basis provided herein is insufficient to support defendant's plea of guilty.

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 18 months, the USAO gives up its right to appeal any portion of the sentence.

### WAIVER OF VENUE

20. Having been fully advised by defendant's attorney regarding the requirements of venue with respect to the offense to which defendant is pleading guilty, to the extent the offense to which defendant is pleading guilty were committed, begun, or completed outside the Central District of California, defendant knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have to be prosecuted only in the district where the offense to which defendant is pleading guilty were committed, begun, or completed; and (b) any defense, claim, or argument defendant could raise or assert based upon lack of venue with respect to the offense to which defendant is pleading guilty.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a

claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

22.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

23.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

24.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

13

recommendations or the parties' agreements to the Factual Basis or sentencing factors.

25.  Defendant understands that both defendant and the USAO are free to: (a) supplement the Factual Basis by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the agreed upon Factual Basis in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the Factual Basis agreed to in this agreement.

26.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

15

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

BILAL A. ESSAYLI
United States Attorney


_____          June 17, 2025
MAXWELL COLL                              _____
Assistant United States Attorney          Date


_____          06-09-25
DAVID ANTHONY RODRIGUEZ                    _____
Defendant                                 Date


_____          06/09/2025
MICHAEL SCHWARTZ                          _____
Attorney for Defendant David              Date
Anthony Rodriguez

16

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____                    06-09-25
DAVID ANTHONY RODRIGUEZ                             Date
Defendant

17

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am David Anthony Rodriguez's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____    6/9/2025
MICHAEL SCHWARTZ                    Date
Attorney for Defendant David
Anthony Rodriguez

18

**EXHIBIT A TO PLEA AGREEMENT**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>DAVID ANTHONY RODRIGUEZ,<br><br>        Defendant. | No.<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 241: Conspiracy Against Rights; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The United States Attorney charges:

[18 U.S.C. § 241]

A.    INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.    The Los Angeles County Sheriff's Department ("LASD") was a law enforcement agency within the Central District of California. Among other responsibilities, the LASD provided municipal police services within Los Angeles County, California, through its thousands of sworn deputies.

2.    Defendant DAVID ANTHONY RODRIGUEZ and Eric Chase Saavedra ("Saavedra") were sworn law enforcement officers employed by the LASD.  As LASD deputies, defendant RODRIGUEZ and Saavedra were subject to an oath of duty and rules of conduct.  This oath and these rules prohibited LASD personnel from using their law enforcement status and related equipment for personal use or for non-legitimate law enforcement purposes.

3.    Defendant RODRIGUEZ was a detective assigned to LASD's Operation Safe Streets Bureau and was a sworn law enforcement officer for 16 years.

4.    Defendant RODRIGUEZ knew and understood that the Constitution and laws of the United States protect the right to be free from unreasonable searches and seizures and the right to be free from deprivation of property without due process of law by one acting under color of law.

5.    Saavedra owned a company that provided private security services for clients.  The company often employed active LASD deputies and law enforcement officers.  Defendant RODRIGUEZ worked for the private security company.

6.    Person 1 was a wealthy Los Angeles-based client of the private security company who was engaged in an ongoing dispute with her husband, Victim T.F.

B.    OBJECT OF THE CONSPIRACY

7.    Beginning on a date unknown and continuing through in or around August 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant RODRIGUEZ, and others known and unknown to the United States Attorney, conspired and agreed with each other to knowingly and intentionally oppress,

2

threaten, and intimidate a person of the State of California and the State of Utah, namely, Victim T.F., in the free exercise and enjoyment of rights secured to him by the Constitution and laws of the United States, that is, the right to be free from unreasonable searches and seizures and the right to be free from deprivation of property without due process of law by one acting under color of law.

C.    MANNER AND MEANS OF THE CONSPIRACY

8.    The object of the conspiracy was to be accomplished, in substance, as follows:

a.    Saavedra would earn contracts for clients of his private security company, including Person 1.

b.    Saavedra would hire active LASD deputies to act as personal bodyguards for Person 1, including defendant RODRIGUEZ.

c.    Person 1 would inform defendant RODRIGUEZ about Victim T.F., with whom she had personal and/or monetary disputes.

d.    Defendant RODRIGUEZ would use his powers as a sworn law enforcement officer to improperly obtain a court-authorized search warrant to obtain GPS location information associated with Victim T.F.'s cellular phone.

e.    Defendant RODRIGUEZ would track Victim T.F.'s physical location using the GPS pings and share the information with Saavedra.

f.    LASD deputies and other co-conspirators would use information obtained from the court-authorized search warrant to locate, oppress, intimidate, harass, and threaten Victim T.F.

D.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy, and to accomplish the object of the conspiracy, defendant RODRIGUEZ, and others known and unknown to the United States

3

Attorney, committed and caused to be committed various overt acts within the Central District of California, and elsewhere, including the following:

Overt Act No. 1:   On July 16, 2022, defendant RODRIGUEZ applied for and obtained a search warrant under false pretenses from a Los Angeles County Superior Court judge authorizing law enforcement officers to obtain GPS location information associated with two telephone numbers, including Victim T.F.'s telephone number. Specifically, in the sworn affidavit supporting the search warrant, defendant RODRIGUEZ falsely declared that Victim T.F.'s telephone number was associated with a suspect in a robbery investigation. Defendant RODRIGUEZ knew Victim T.F.'s phone number had no relation to the suspect of the robbery investigation.

Overt Act No. 2:   In or around mid-July 2022, soon after securing the illegally obtained search warrant for GPS location information associated with Victim T.F.'s phone, defendant RODRIGUEZ began receiving pings from the service provider for Victim T.F.'s phone, which provided the approximate location of Victim T.F.'s phone.

Overt Act No. 3:   In or around mid-July 2022, defendant RODRIGUEZ shared the GPS location information with Saavedra.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Information.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

        (a)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

        (b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

5

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

BILAL A. ESSAYLI
United States Attorney


CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

THOMAS RYBARCZYK
Assistant United States Attorney
Acting Chief, Public Corruption
and Civil Rights Section

MAXWELL COLL
Assistant United States Attorney
Cyber & Intellectual Property
Crimes Section